## UNITED STATES v. The MEMORY.

## UNITED STATES v. The MERMAID

### Nos. 1700 and 1699.

United States District Court
D. Delaware.

March 19, 1953.

---

---

William Marvel, U. S. Atty., of Wilmington, Del., Thomas F. McGovern and Patrick F. Cooney, Special Assts., Admiralty and Shipping Section, of Washington, D. C., for libellant.

Caleb S. Layton, Rodney Layton and Henry M. Canby, of Richards, Layton & Finger, of Wilmington, Del., Whitney North Seymour and George G. Gallantz, of Simpson Thacher & Bartlett, of New York City, and Frank Zeto, of Washington, D. C., for North American Shipping and Trading Co., Inc., appearing specially.

LEAHY, Chief Judge.

The U. S. Marshal on March 9, 14, arrested the tankers "Mermaid" and "Memory" for alleged violations of 46 U.S.C.A. §§ 19, 20, 21, 33, 41, 42, 60 and for violation of the provisions of §§ 2 and 9 of the Shipping Act of 1916, as amended, 46 U.S.C.A. §§ 802, 808, as to citizenship, committed by North American Shipping and Trading Co., Inc., who proposes to be a claimant in this cause. The vessels were purchased from the U. S. Maritime Commission in 1947–48. In addition to the cash purchase prices the Maritime Commission received as part of the purchase price preferred mortgages on both vessels.

Libellant United States claims forfeiture of the vessels and seeks a decree that pro-

posed claimant should be ousted of title and possession. Claimant, reserving the jurisdictional question of power of this court over the vessels and the issue of title, seeks relief for the disposition of the ships pendente lite. It proposes a stipulation and bond that it will produce the ships to answer final decree; it will maintain all current maritime policies and obtain riders naming the court beneficiary in event of loss or damage in the interim; together with stipulation, on surety, the vessels will be delivered to the Marshal as and if required by decree; and if there is the fact of non-compliance with decree the penal sum of the bond will be in sufficient amount for each ship. This means the vessels will be under the dominion of the court without impairment of claimant's rights in them until libellant proves its case. Libellant in a similar case,[1] as in the matter at bar, declares a caveat as to the court's power so to keep alive the legal res and suggests the vessels 1. be retained by the Marshal pendente lite; 2. be sold by the Marshal pendente lite; or 3. that the vessels be not permitted to resume voyage unless there be filed a stipulation for value—in effect, a promise by claimant to pay money to libellant and not to deliver the ships if libellant wins in the litigation.

The pending application to the Court of Appeals in the New Jersey cause,[2] after determination, will—if no further application is tried for certiorari to the Supreme Court—instruct both Judge Madden and me whether we have discretionary power to approve the proffer of stipulation by claimant on our belief it will insure the relief sought by libellant, if successful in both litigations.

Libellant's concern is if the vessels are permitted to leave the jurisdiction they may be libelled by Compania Internacional de Vapores Ltda. (CIV), a Panamanian corporation. This point was urged before Judge Madden in his cases. Affidavits in the New Jersey cause state no danger exists claimant's vessels will be so libelled by CIV. I make no pause to discuss "control" of claimant by foreign nationals or the Maritime Commission's approval of certain time charters by the claimant and any alien corporation (viz.: CIV). The crux of the present applications by claimant is whether it should go out of business pendente lite or whether its proposals as to the stipulation and bond for the safe return of the vessels will secure libellant relief if libellant be found to be entitled to its sought forfeiture. I shall not, at this time, pause to discuss the application or non-application of 28 U.S.C. § 2464 in cases of seizure for forfeiture for violation of any U. S. Statute.[3] The construction of statutory and rule power of the district judge for release of vessels in the present circumstances, are matters which are for decision within the expert competence of the Court of Appeals when they dispose of Judge Madden's action in entering an order releasing the Monitor and the Merrimac, supra. Here, I exercise what I consider a discretionary power in rejecting libellant's suggestion for a "value bond" and grant claimant's relief to release the vessels, under present seizure, upon a stipulation securing compliance with any decree this court may enter. No ship should be left unproductive and under expensive care at its mooring. If there is any technique available, it should be utilized to take such vessels out of the judicial harbor of refuge instead of allowing them to lie idle while long litigation ensues.

Hence, I reject libellant's argument the vessels should remain inactive or subject to sale by the U. S. Marshal. Claimant may submit an order and other appropriate papers which will entitle it to relief.

1. U. S. v. Tanker Monitor, etc., C.A. 107–53, now pending before Judge Madden in the U. S. District Court for New Jersey, under stay by order of the Court of Appeals and awaiting argument and decision by that court on Judge Madden's power to accept and approve a bond for the safe return of the vessel. Another tanker, similarly situated, the Merrimac, was later also before Judge Madden.

2. See fn. 1.

3. Likewise, no comment will be made on Admiralty Rule 12, 28 U.S.C., or 28 U.S. C. § 2073, par. 4.